IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM F. TREBAS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> GUILD MORTGAGE COMPANY, ALLY BANK, A UTAH CORPORATION, GMAC CAPITAL TRUST 1, and DOES 1 through 10 inclusive, <br><br> Defendants. | CV 17-113-M-DLC-JCL <br><br> ORDER, and FINDINGS AND RECOMMENDATION |

Before the Court is Defendant Ally Bank's Fed. R. Civ. P. 56 motion for summary judgment. For the reasons discussed, the Court recommends the motion be granted.

Also before the Court is Ally Bank's motion in limine. Because the Court recommends this action be dismissed, the motion in limine is denied as moot.

**I. Background**

In 2012, Plaintiff William Trebas, Jr., appearing pro se in this action, obtained a loan in the amount of $492,000 from Guild Mortgage Company ("Guild"). The loan was secured by a deed of trust that Trebas granted to Guild which encumbers real property he owns in Columbia Falls, Montana.

In his allegations Trebas recognizes the existence of a written assignment to

1

Ally Bank of the rights under the deed of trust. But he claims the assignment only purports to transfer those rights to Ally Bank.

At some point Trebas failed to make the required monthly payments on the loan, and he defaulted on the loan. In 2017, a notice of trustee sale was recorded, and on May 5, 2017, Ally Bank acquired ownership of Trebas's property by purchasing it at the trustee's sale.

Trebas commenced this civil action challenging Ally Bank's factual and legal authority to claim, and to represent to him, that it is the current beneficiary under the deed of trust with the authority to direct the trustee's sale of Trebas's property. Trebas asserts his original promissory note was not indorsed, negotiated, and transferred to Ally Bank. Thus, he contends that legally Ally Bank is not the holder of the promissory note and is not the beneficiary under the deed of trust.

Each of Trebas's claims for relief advanced in his Amended Complaint is predicated upon his contentions that Ally Bank lacks the legal authority (1) to enforce rights as a beneficiary under the deed of trust, including the power of sale, (2) to enforce compliance with the promissory note, or (3) to foreclose upon and acquire Trebas's real property. In his first cause of action Trebas alleges that Ally Bank is liable for fraud for falsely misrepresenting to him that it is the beneficiary under the deed of trust and in possession of all the beneficiary's associated rights and powers. In his second cause of action Trebas asserts Ally Bank's conduct

violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., through the same allegedly deceptive misrepresentations to Trebas about its legal rights, all in violation of 15 U.S.C. § 1692e(2)(A) and (10). Trebas's third and fourth causes of action for intentional infliction of emotional distress and declaratory judgment similarly claim that Ally Bank wrongfully represented to him that it was the beneficiary under the deed of trust entitled to invoke the power of sale rights, thereby causing damages to Trebas and requiring the Court to declare the sale of his property to Ally Bank as void.

Trebas's claims under the Fair Debt Collection Practices Act invoke the Court's federal question jurisdiction as provided in 28 U.S.C. § 1331. And pursuant to 28 U.S.C. § 1367, the Court possesses supplemental jurisdiction over Trebas's claims advanced under Montana law.

## II. Applicable Law

### A. Summary Judgment

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer*

*Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

### B. Montana Law

"[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000). Thus, the Court will apply the substantive law of Montana in this case.

### C. Pro Se Pleadings

Finally, because Trebas is proceeding pro se the Court must construe his documents liberally and give them "the benefit of any doubt" with respect to Ally Bank's summary judgment motion. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). *See also Erickson v. Pardus* 551 U.S. 89, 94 (2007).

## III. Discussion

Ally Bank moves for summary judgment dismissing all of Trebas's claims on the grounds that Trebas's promissory note, and the beneficial interest in the deed of trust that Trebas signed were properly and legally transferred to it. For the reasons discussed, the Court agrees.

### A. Ally Bank's Interest in Trebas's Promissory Note and Deed of Trust

As a preliminary undisputed factual matter, the Court notes Trebas signed his name to stipulated facts in this case, one of which wholly undermines the single

4

pivotal factual predicate of his entire lawsuit. Trebas agreed that "[o]n or about April 25, 2012, Ally Bank acquired the Plaintiff's Loan and right, title, and interest under the related Promissory Note and the [Deed of Trust] securing Plaintiff's $492,000 Loan on the Property." (Doc. 37 at 2, ¶ d.) That stipulated fact alone defeats all of Trebas's causes of action advanced in his Amended Complaint. Nonetheless, the Court finds and concludes that the additional evidentiary materials of record support judgment in favor of Ally Bank as a matter of law.

On March 30, 2012, Trebas signed the $492,000 promissory note for the loan from Guild. (Doc. 49-1.) On that same date Trebas also signed the deed of trust which identifies Guild as the lender, and names Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary acting solely as Guild's nominee under the deed of trust. (Doc. 49-2 at 1 of 18.) The deed of trust grants to MERS, as a nominee, "the right to foreclose and sell the Property" in the event of Trebas's default on the promissory note. (Doc. 49-2 at 3 of 18.) The deed of trust further grants to the Trustee, First American Title Company of Montana, Inc., the power to sell the property at a public auction for the benefit of "the Lender" in accordance with the required notice of trustee's sale. (Doc. 49-2 at 3 of 18, and 12 of 18.)

Trebas's promissory note and his deed of trust each contemplate and permit transfer of the lender's interest in the promissory note, and the lender's beneficial

5

interest in the deed of trust. (Doc. 49-1 at 1 of 5, ¶ 1; Doc. 49-2 at 11 of 18, ¶ 20.)

Ally Bank submitted the affidavit testimony of Jennifer Dobron, an employee of Cenlar FSB which is Ally Bank's sub-servicer. Consistent with Trebas's stipulated fact, Dobron states Ally Bank acquired Trebas's loan, "including all right, title, and interest under the related promissory note and deed of trust" on April 25, 2012. (Doc. 49-3 at ¶ 5.)

Dobron notes that Trebas's promissory note is indorsed by Teresa Wood, Guild's Assistant Secretary. (Doc. 49-3 at ¶ 7; Doc. 49-1 at 5 of 5.) The indorsement is blank in that it states "[p]ay to the order of", but it does not identify a payee. (Doc. 49-1 at 5 of 5.)

Ally Bank submitted Teresa Wood's affidavit testimony. Wood confirms she signed the indorsement in blank on Trebas's promissory note on behalf of Guild. (Doc. 53-2 at ¶¶ 9-13.)

Dobron confirms that on October 5, 2012, Ally Bank received physical custody of Trebas's loan and collateral file from Guild which included Trebas's original promissory note. (Doc. 49-3 at ¶¶ 8-9.) In 2014, Ally Bank designated US Bank as its custodian of its records, and US Bank, acting on Ally Bank's behalf, presently has custody of Trebas's promissory note. (*Id.* at ¶ 11.) Ally Bank, or its custodian, has maintained physical custody of Trebas's promissory note from October 5, 2012, through the present. (*Id.* at ¶ 10.)

Dobron states that on November 1, 2014, Trebas failed to make the monthly payment on his loan as required by the promissory note and the deed of trust. (Doc. 49-3 at ¶ 12.) And Trebas has not made any further payment on the loan since that date. (*Id*. at ¶ 13.)

On April 30, 2015, MERS, as Guild's nominee, assigned to Ally Bank all of Guild's rights, title, and interests in the deed of trust signed by Trebas. (Doc. 49-3 at ¶ 14; Doc. 49-5.)

On November 21, 2016, First American Title Company of Montana, Inc. ("First American"), as the trustee in Trebas's deed of trust, issued the Notice of Trustee's Sale for Trebas's property. (Doc. 49-6.) On May 8, 2017, First American signed the Trustee's Deed conveying Trebas's property to Ally Bank as the purchaser at the trustee's sale which occurred on May 5, 2017. (Doc. 49-8.)

Ally Bank also submitted the affidavit testimony of Jeanne F. Rourke, US Bank's Vice President. (Doc. 53-1.) Rourke's testimony confirms Ally Bank and US Bank's custody and possession of Trebas's promissory note as outlined above.

Based on the forgoing facts, and for the reasons discussed, the Court concludes Montana law establishes that Ally Bank is the holder of Trebas's promissory note and in possession of the rights to enforce the note and the deed of trust.

Under Montana law at Mont. Code Ann. § 30-3-104(1) and (2) (defining a

negotiable instrument), a promissory note qualifies as a negotiable instrument. *In re Tipton*, 2013 WL 141141, *2 (D. Mont. 2013). An indorsement on a negotiable instrument is a signature that is made on the instrument for the purpose of negotiating the instrument. Mont. Code Ann. § 30-3-203. An indorsement constitutes a "blank indorsement" if the indorsement does not identify the person to whom the instrument is made payable. Mont. Code Ann. § 30-3-204(1) and (2). An instrument indorsed in blank is payable to the bearer of the instrument, and it may be negotiated by transfer of possession of the instrument alone. Mont. Code Ann. § 30-3-204(2). A person who is the holder of a negotiable instrument endorsed in blank is the person entitled to enforce the instrument. Mont. Code Ann. § 30-3-301, and *In re Tipton*, at *2.

The undisputed evidentiary materials establish that Trebas's promissory note was indorsed in blank by Wood on behalf of Guild, and that as of October 5, 2012, to the present, Ally Bank has had physical possession and custody of the promissory note. Therefore, Ally Bank possesses the legal right to enforce the promissory note as the holder, or bearer, of the note.

Further, the record establishes that Guild, acting through MERS, assigned the deed of trust to Ally Bank on April 30, 2015. And consistent with the written assignment, the separate transfer of the promissory note to Ally Bank carries with it an assignment of the collateral securing the promissory note. Mont. Code Ann. §

71-1-110. *See* Mont. Code Ann. § 71-1-305 (establishing that a deed of trust is subject to state laws applicable to mortgages). Thus, as a matter of fact and law, the beneficial interest in Trebas's deed of trust and real property has been transferred to Ally Bank by virtue of the written assignment and Montana law, thereby granting Ally Bank lawful authority to enforce the promissory note and the deed of trust. *See In re Hoffman*, 488 B.R. 157, 164-65 (D. Mont. 2013).

In response to Ally Bank's motion, Trebas suggests his "loan" was "sold" to the "8.125% Fixed Rate/Floating Rate Trust Preferred Securities, Series 2 of GMAC Capital Trust I." (Doc. 51 at 1-2.) Trebas relies upon the affidavit testimony of his purported expert, Joseph R. Esquivel, Jr. (Doc. 52-1 at ¶ 10.) But the Court finds this suggested sale does not defeat Ally Bank's motion.

Esquivel states only that his "research through professional services" and his review of business records and documents, led him to the conclusion that "an interest" in the subject "Mortgage Loan Instrument" was sold to the Trust to which Trebas refers. (Doc. 52-1 at ¶ 10.) But Esquivel does not identify the specific "interest" that he believes was sold, and he does not provide copies of the research and documents he reviewed to support his belief. This undefined "interest" Esquivel believes was transferred does not raise a genuine issue with respect to the evidentiary materials in the record which establish the existence of the April 30, 2015 assignment of the deed of trust to Ally Bank. Trebas and Esquivel's assertion

constitutes speculation that whatever interest was transferred might have been the beneficial interest in the deed of trust. But an opposing party's unsubstantiated speculation on a factual matter is not sufficient to establish a genuine issue of fact. *Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

Regardless of the sale to the referenced Trust that Trebas believes occurred, neither Trebas nor Esquivel provide evidentiary materials affirmatively suggesting that the interests in the deed of trust were not transferred to Ally Bank as the record reflects. Instead, the uncontradicted facts remain as follows: based upon the evidentiary materials of record both the promissory note and the beneficial interest in the deed of trust were transferred to Ally Bank.

Trebas also complains that Dobron's affidavit testimony is not based on her personal knowledge and, therefore, is impermissible hearsay. But Trebas has presented no evidentiary material genuinely challenging Dobron's personal knowledge of the facts to which she testified in her affidavit. Rather, Trebas offers only his speculation that she has no personal knowledge of the facts. Trebas's speculation is insufficient to challenge Dobron's assertion of her knowledge of Trebas's loan.

In summary judgment proceedings, Rule 56(c)(4) requires affidavit testimony to be "made on personal knowledge[.]" Here, Dobron states in her affidavit that she is "familiar with and [has] knowledge of the Trebas loan" at issue

10

in this case. (Doc. 49-3 at ¶ 2.) That assertion is sufficient to establish her testimony is presented upon her personal knowledge. Thus, Dobron's testimony is her own, and not hearsay testimony as Trebas suggests.

Based on the foregoing, the Court finds Trebas's promissory note and all interests in his deed of trust were transferred to Ally Bank. It is, therefore, the holder, or bearer, of the note entitled to enforce it, and it possessed the authority under the deed of trust to direct the trustee to execute the power of sale contained in the deed of trust.

### B. Trebas's Causes of Action

As noted, Trebas's entire complaint is predicted upon his contention that Ally Bank did not possess the necessary rights under the promissory note and the deed of trust to enforce the documents and to sell Trebas's property. Therefore, Trebas alleges Ally Bank is liable for falsely representing to Trebas that it did possess such rights. But since Ally Bank's representations in that regard were not false, Trebas's legal theories fail. To succeed on his claim of fraud Trebas must establish that Ally Bank's representation was false. *Morrow v. Bank of America, N.A.*, 324 P.3d 1167, 1182 (Mont. 2014). As a matter of law Trebas cannot establish that element of the claim. And his Fair Debt Collection Practices Act claim (doc. 43 at ¶ 31), his intentional infliction of emotional distress claim (doc. 43 at ¶ 33), and his declaratory judgment claim (doc. 43 at ¶¶ 39-40) each rely

11

upon the same factual assertion that Ally Bank lacks the necessary legal rights under the promissory note and the deed of trust. Therefore, the Court concludes Ally Bank is entitled to summary judgment on all of Trebas's causes of action advanced in his Amended Complaint.

## IV. Conclusion

Based on the forgoing, IT IS HEREBY RECOMMENDED that Ally Bank's motion for summary judgment be GRANTED and this action be DISMSSED.

IT IS FURTHER ORDERED that Ally Bank's motion in limine is DENIED as moot, subject to renewal in the event the presiding District Judge does not adopt the recommended dismissal.

DATED this 31st day of July, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge